IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAG SPV I, LLC, AND HARK CAPITAL I, LP,<br><br>　　　Plaintiffs,<br><br>v.<br><br>FORTUNE GLOBAL SHIPPING & LOGISTICS (USA), INC., FORTUNE GLOBAL SHIPPING & LOGISTICS, LTD., AND ERIC OPAH,<br><br>　　　Defendants. | NO. _____<br><br>ADMIRALTY |

### Plaintiffs' Original Complaint

Plaintiffs WAG SPV I, LLC and Hark Capital I, LP, file this Original Complaint against Defendants Fortune Global Shipping & Logistics (USA), Inc., Fortune Global Shipping & Logistics, Ltd., and Eric Opah *in personam,* and in support therefore show as follows:

### Parties

1.　Plaintiff WAG SPV I, LLC ("**WAG**") is a Texas limited liability company with its principal place of business in Dallas, Texas. WAG is the sole owner of the heavy lift pipe laying vessel SEA HORIZON ("**SEA HORIZON**"). Exhibit 1, Certificate of Ownership and Encumbrance.

2.　Plaintiff Hark Capital I, LP ("**Hark Capital**") is a limited partnership formed in Delaware with its principal place of business at 600 Lexington Avenue, Suite 1401, New York, NY.

3.　Defendant Fortune Global Shipping & Logistics (USA), Inc. ("**Fortune USA**") is a Texas Corporation with its principal office located at 16800 Imperial Valley Drive, Suite 382,

Houston, Texas, 77060. Fortune Global can be served with process through its Registered Agent, Gary W. Duggar, 1177 Enclave Parkway, Suite 250, Houston, Texas, 77077. Upon information and belief, Fortune USA is the U.S. office of Fortune Global Shipping & Logistics Ltd.

4. Defendant Fortune Global Shipping & Logistics Ltd. ("**Fortune Global**") is a Nigerian company with its principal place of business at 15, Fatai Irawo Street, Ajao Estate, Lagos State, Nigeria.

5. Eric Opah ("**Opah**") is the President/CEO, Director and founder of Fortune USA and Fortune Global. Upon information and belief, Opah resides at 7915 Pine Heath Ct., Humble, Texas 77396, located within this District.

6. Upon information, Opah utilized Fortune Global and Fortune USA to deprive Plaintiff WAG of its rightful possession of SEA HORIZON.

## Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 28 U.S.C. §1333 because this is an admiralty or maritime claim brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule D of the Supplemental Rules for Admiralty or Maritime Claims.

8. Specifically, Plaintiffs bring this possessory and petitory action against Defendants *in personam* pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule D ("**Rule D**") to resolve the issue of title and the right to possession as between WAG, the owner of SEA HORIZON, and Defendants who, despite having not provided any goods or services to WAG or SEA HORIZON, claim to have a lien over SEA HORIZON and have arrested and refused to release SEA HORIZON since September 2018.

9. Venue is proper in the Houston Division of this District because Opah and Fortune USA are subject to personal jurisdiction in this District and Division, and Opah, Fortune Global and Fortune USA should be treated as a single entity for purposes of this action.

**Factual Background**

10. On or about November 1, 2016, Plaintiff Hark Capital (formerly Enhanced Credit Supported Loan Fund, LP), entered into an agreement (as amended, the "**Loan Agreement**") with Plaintiff WAG, whereby Hark Capital loaned WAG $14,000,000.00 (the "**Loan**") for the purchase of a barge or similar vessel.

11. On November 22, 2016, WAG purchased the Panamanian-flagged heavy lift pipe laying vessel SEA HORIZON.

12. Thereafter, on November 2, 2018, as part of and in furtherance of the terms of the Loan Agreement, WAG delivered in favor of Hark Capital a first preferred mortgage over SEA HORIZON as security for WAG's performance and compliance with the terms of the Loan Agreement. *See* Exhibit 2, Mortgage. The Mortgage is, and remains, in full force and effect until such time as WAG repays to Hark Capital the full amount of the Loan.

Ghana Proceedings

13. On or about September 18, 2018, Defendant Fortune Global, a Nigerian [subsidiary/affiliate/parent] of Defendant Fortune USA, filed an *ex parte* application for the arrest and detention of SEA HORIZON in the Republic of Ghana. Exhibit 3, Application for Arrest and Detention.

14. At all times relevant to its claims, Fortune Global was engaged by Ranger Subsea Nigeria Limited ("**Ranger Subsea**") to assist Ranger Subsea in connection with Ranger Subsea's diving and marine construction services. Ranger Subsea is a Nigerian company, operating out of Houston, Texas.

15. Ranger Subsea engaged Fortune Global via a Master Service Agreement ("**MSA**") dated August 20, 2014. The MSA provided that Fortune Global was to "perform work and/or provide services, equipment machinery, material or supplies" to Ranger Subsea.

16. The MSA makes no reference to WAG or SEA HORIZON, nor was any of the work performed by Fortune Global provided to or for the benefit of WAG or SEA HORIZON. Ranger Subsea never contracted with Fortune Global on behalf of WAG, and never claimed to have done so. Indeed, the MSA pre-dated WAG's purchase of SEA HORIZON by several years.

17. Ranger Subsea is purportedly indebted to—but has not paid—Fortune Global approximately $1.9 million for these services.

18. In an attempt to recover the alleged amounts due, Fortune Global filed claims jointly and severally against not only Ranger Subsea, but also WAG, SEA HORIZON, and others whom Fortune Global wrongly contends are joint owners of SEA HORIZON, and therefore liable for the unpaid amounts due to Fortune Global. As security for its claims, Fortune Global filed a Writ of Summons for the arrest and detention of SEA HORIZON.

19. Just two days after Fortune Global filed its application, the Ghana Court granted the Writ of Summons by Order dated September 20, 2018, ordering the arrest and detention of SEA HORIZON lying at the Naval Base located in Sekondi, Ghana.

20. WAG filed an application to set aside the Writ of Summons and Statement of Claim against it and SEA HORIZON, based on WAG's and SEA HORIZON's total lack of dealings, contractual or otherwise, with Fortune Global.

21. Indeed, Fortune Global attached to its application invoices purportedly substantiating its claim totaling approximately $4 million. None are addressed to, or refer to, WAG or SEA HORIZON. Moreover, all invoices mention vessels other than SEA HORIZON as the recipient of services and supplies from Fortune Global. Despite the total lack of any allegations in the Writ and Summons to support the arrest or claim, the Ghana Court dismissed WAG's application to vacate the arrest on October 22, 2018.

22. The Ghana Court ruled that, despite the presentation of the certified, apostilled and translated Certificate of Ownership and Encumbrance from the Panamanian Registry, identifying WAG as the sole owner of SEA HORIZON, the Court could not determine ownership because the apostille stamps on the last page were not translated. The Ghana Court did not give WAG the opportunity to provide a translation of the apostille stamps before ruling in favor of Fortune Global.

23. Fortune Global has now filed a motion for the appraisal and sale of SEA HORIZON.

**Plaintiffs Harmed**

24. The SEA HORIZON has been detailed in Ghana since September 2018 based upon the untrue claims and statements of Opah, Fortune Global and Fortune USA. During this period, WAG has been unable to employ or charter SEA HORIZON thereby losing approximately $20,000 per day, thereby losing more than $3.6 million in income. In addition, SEA HORIZON has incurred additional port fees and other expenses as a result of the detention, totaling more than $500,000.

25. There is no contractual relationship between WAG or SEA HORIZON, and Fortune Global. Thus, there can be no liability running from WAG or SEA HORIZON to Fortune Global.

26. The claims filed by Fortune Global, and the resulting arrest and detainment of SEA HORIZON, are unfounded and factually insupportable.

27. Upon information and belief, Fortune USA and Fortune Global operate as alter egos. Fortune USA and Fortune Global have common ownership, and common directors/officers.

28. Upon information and belief, Opah was and remains the President, CEO and Director of Fortune USA and Fortune Global.

29. Upon information and belief, Fortune USA was formed to carry out the business of Fortune Global.

30. Upon information and belief, Opah created and operated Fortune USA, a Texas entity, to carry out Fortune Global's business, and to deprive WAG, another Texas entity, of its possession of SEA HORIZON by wrongfully causing its arrest and detention in Ghana.

31. Accordingly, Plaintiffs herein seek the assistance of this Court in declaring the ownership of, and right to possess, SEA HORIZON and, should the Court deem that Defendants have any rights to SEA HORIZON, including the right to possess SEA HORIZON, Plaintiffs seek a declaration of the Plaintiffs' rights to SEA HORIZON's upkeep while it is detained.

### First Cause of Action:
### Possessory and Petitory

32. Plaintiffs repeat and incorporate all prior paragraphs as is set forth fully herein.

33. WAG is the sole owner of SEA HORIZON and has superior title to SEA HORIZON and superior rights of possession, custody, control use and enjoyment of SEA HORIZON.

34. In Ghana, Defendants assert a right to possess SEA HORIZON, depriving WAG of its rights as owner. Further, Defendants' claims cloud title to SEA HORIZON, and prevents Plaintiff WAG from conveying clear title to a purchaser.

35. As a direct and proximate result of Defendants' arrest of SEA HORIZON, Defendants have deprived Plaintiffs of their possession, custody, control, use and enjoyment of SEA HORIZON.

36. Defendants' wrongful actions have harmed Plaintiffs, resulting in damages of not less than $4.2 million.

37. Plaintiffs respectfully request this Court issue a declaratory judgment pursuant to Rule D declaring that WAG is the owner of, and has the right to possess, SEA HORIZON, and a judgment in the amount of at least $4.2 million, together with interest, costs and attorneys' fees.

### Second Cause of Action:
### Declaratory Judgment

38. Plaintiffs repeat and incorporate all prior paragraphs as is set forth fully herein.

39. Specifically, Plaintiffs seek a declaration that Defendants, operating as a single entity, wrongfully caused the arrest of SEA HORIZON in Ghana.

40. Defendants had and have no right, contractual or otherwise, to bring any claim against SEA HORIZON. Further, Defendants have no right, contractual or otherwise, to bring any claim against WAG. Thus no *in rem* claim may be properly maintained against SEA HORIZON, and no *in personam* claim can be properly maintained against WAG, as owner of SEA HORIZON.

41. Further, pursuant to the terms of the Mortgage and Loan Agreement, Hark Capital may take any action it deems necessary to protect or maintain the preferential security created thereunder. Hark Capital was not provided notice of the arrest of the vessel. Thus Plaintiffs also seek a declaration from this Court that Hark Capital's rights, as lienholder, have been directly compromised by Defendants' illegal seizure of SEA HORIZON, in direct contravention of Hark Capital's rights under the Mortgage and Loan Agreement.

### Attorneys' Fees

42. Plaintiffs also ask the Court to award reasonable and necessary attorneys' fees and costs in this lawsuit to Plaintiffs.

### Prayer

For the foregoing reasons, Plaintiffs WAG SPV I, LLC and Hark Capital I, LP request that Defendants Fortune Global Fortune Shipping & Logistics (USA), Inc., Fortune Global Fortune

Shipping & Logistics Ltd., and Eric Opah be duly cited to appear and answer herein, and that this Court enter judgment in favor of Plaintiffs:

- declaring Plaintiff is the owner of SEA HORIZON and is entitled to take possession of SEA HORIZON;

- declaring that Defendants caused SEA HORIZON to be improperly seized, arrested and detained; alternatively,

- awarding Plaintiffs at least $4.2 million in damages for the wrongful detention of SEA HORIZON.

Plaintiffs further ask the Court to enter and award of Plaintiffs reasonable and necessary attorneys' fees and costs and such other and further relief to which they may be entitled.

              Respectfully Submitted,

              **Meade & Neese LLP**

              */s/ Andrew K. Meade*

              Andrew K. Meade
              State Bar No. 24032854
              Leann M. Pinkerton
              State Bar No. 24038826
              2118 Smith Street
              Houston, Texas 77002
              (713) 355-1200 - tel
              ameade@meadeneese.com
              lpinkerton@meadeneese.com

              **Attorneys for Plaintiffs**